UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO: 4:23-cr-00358 |
| § | |
| DEWAYNE DONNELL CHAMPION § | |

**DEFENDANT'S MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT**

TO HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, DEWAYNE CHAMPION, Defendant, through counsel, and files this motion respectfully moving for disclosure of the government's confidential informant, alleging specifically that, under the facts of this case, the government is required to disclose the name and provide Defendant access to any confidential informant relied upon by the government in this case. In support, movant shows the Court as follows:

Defendant's request is based on the fact that this witness is critically important to the Defendant and an essential government witness regarding some or all of the charges contained in the indictment.

The opportunity to interview this witness used by the government is crucial to the preparation of his effective defense and to the fair determination of the cause against him. Through an interview, Defendant will be able to uncover the true motives of the government's witness and to extract evidence that may exculpate him. Because of the importance of this, in the preparation and presentation of the defense in this cause, undersigned counsel desires to interview this witness prior to trial.

The importance of disclosure of the cooperating witness in the instant case is clear:

1

a.  The informant was present for all undercover meetings and transactions in this case;

b.  The informant offered inducements to and attempted to persuade the defendant to participate in the criminal activity, and;

c.  The informant arranged for transportation of the contraband.

In summary, the informant-witness was an integral component of the government's investigation and is an active participant and a transactional witness to the event of this case. He is an eyewitness who possesses unique information that is only available to that witness, and that information bears directly on the defense.

In *Roviaro v. United States*, 353 U.S. 53 (1957), the United States Supreme Court held that where the identity of an informant is known, the privilege of non-disclosure no longer exists. Where the contents of an informant's communications are relevant and helpful to the defense of the accused or are essential to a fair determination of the cause, the true identity of the informant must be available for interview. If the government withholds this information, the trial court may dismiss the case. See, e.g., *United States v. Opager*, 589 F.2d 799 (5th Cir. 1979). The Defendant's right to production and interview the informant is clear. Public policy favoring protection of the identity of a confidential informer forbids only non-essential disclosure. *United States v. Ayala,* 643 F. 2d 244 (5th Cir. 1981); *United States v. Toombs*, 497 F.2d 88 (5th Cir. 1974).

In the present case, disclosure of the true identity of the witness must be compelled because such identity is essential to the preparation of the defense. In order for this disclosure to be effective, they must be made promptly so that the Defendant can properly utilize the information and prepare his defense. To date, the government has failed to provide any information concerning this, even though it has acknowledged his existence. The Defendant requires the aid of this Court in order to facilitate the basic right to disclosure of the true identity of the witness and the

production for interview because these witnesses cannot be located by ordinary means. This right is fundamental to our system of justice. Indeed, it is an essential component of a competent criminal defense and thus, it is prescribed by constitutional motions of due process and the Sixth Amendment right to prepare a defense. Where the Defendant's liberty is at stake, "such interviews are especially crucial". *United States v. Opager*, 589 F.2d at 804.

The government has failed to articulate any valid reason for the nondisclosure of the witness. The first step in deciding whether disclosure of a confidential informant is required is determining whether the government has a valid reason for any nondisclosure, *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985).

The seminal case on the government's privilege not to disclose the identity of a confidential informant is *Roviaro v. United States*. In *Roviaro*, the Court set forth a balancing test for determining when disclosure is required. This test evaluates "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*. at 62, 77 S.Ct. at 629. Subsequent case law has focused inquiry on three factors: (1) the extent of the informant's participation in the criminal activity, (2) the directness of the relationship between the defendant's asserted defense, the probable testimony of the informant, and (3) the government's interest in nondisclosure, *See, e.g. United States v. Kerris*, 748 F.2d 610 (11th Cir. 1984).

The trial court may require disclosure, however, where the defendant shows the disclosure of an informant's identity or the contents of his communication is "relevant and helpful to the defense of the accused, or is essential to fair determination of the cause." *Id*. at 60-61. *United States v. Brito*, 721 F.2d 743 (11th Cir. 1983); *United States v. Panton*, 846 F.2d 1335 (11th Cir. 1988); *United States v. Amador-Gavan*, 9 F.3d 1414 (9th Cir. 1993).

3

Here the defendant has clearly carried his burden of demonstrating the need for the disclosure of this witness/informant's identity. His need is not only relevant and helpful but would also is essential to his defense. *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990); *United States v. McDonald*, 935 F.2d 1212 (11th Cir. 1991).

The defendant respectfully submits that the court, in order to protect the due process rights of the defendant, should hold an in camera hearing on the defendant's need for the confidential informant's identity and testimony. The defendant has demonstrated or could further demonstrate in an ex parte, in camera hearing that the information needed from the informant is relevant, necessary and most essential for a fair trial. *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993); *United States v. Amador-Gavan*, 9 F.3d 1414, 1417 (9th Cir. 1993).

Respectfully, the Defendant submits that he has an absolute right to this information. Accordingly, he requests the Court enter an order compelling the government to disclose the true identity and whereabouts of witnesses and further compelling the government to make said informants/witnesses available to the Defendant for interview prior to trial.

Respectfully Submitted,

/s/ Greg Gladden
Greg Gladden
Law Office of Greg Gladden
3017 Houston Avenue
Houston, Texas 77009
Phone: 713.880.0333
Fax: 713.880.4018
Texas State Bar No. 07991300
Southern District Federal ID No. 7236

## CERTIFICATE OF CONFERENCE

I certify that my staff has conferred with Assistant U.S. Attorney Associate Deputy Criminal Chief, Byron Hugh Black. He is opposed.

/s/ Greg Gladden
Greg Gladden

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2025, I electronically filed the foregoing Motion for Disclosure of Confidential Informant with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered for CM/ECF and via email to Byron Hugh Black at byron.black@usdoj.gov.

Byron Hugh Black
Assistant United State Attorney
713-567-9734
Byron.black@usdoj.gov

/s/ Greg Gladden
Greg Gladden